# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MICHELLE DENISE MORRIS,**

**Plaintiff,**

v.                                                    Case No:   **6:15-cv-1928-Orl-GJK**

**COMMISSIONER OF SOCIAL
SECURITY,**

**Defendant.**

---

# MEMORANDUM OF DECISION

Michelle Morris (the "Claimant"), appeals to the District Court a final decision of the Commissioner of Social Security (the "Commissioner") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Doc. No. 1. Claimant argues that the Administrative Law Judge (the "ALJ") erred by: 1) failing to adequately weigh and consider the opinions of Dr. James Shea, Claimant's treating physician; and 2) relying on the testimony of Dr. Howard Feldman, a vocational expert (the "VE"), after posing a hypothetical that did not accurately reflect Claimant's limitations. Doc. No. 19 at 11-19, 23-25. Claimant requests that the matter be reversed for an award of benefits or, in the alternative, be remanded for further proceedings. *Id.* at 27. For the reasons set forth below, the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings.

## I.      FACTUAL BACKGROUND

On June 13, 2012, Claimant applied for DIB and SSI.  Doc. No. 19 at 1. The Social Security Administration denied Claimant's application on July 25, 2012. *Id.* Plaintiff filed a Request for Reconsideration on September 7, 2012. *Id.* The request was denied on November 6,

2012. *Id.* On January 27, 2014, Claimant attended a hearing before the ALJ. Doc. No. 19 at 1; R. 44-100. The ALJ issued an unfavorable decision on April 4, 2014. Doc. No. 19 at 1; R. 21-43. Claimant filed a Request for Review with the Appeals Council on June 1, 2014. Doc. No. 19 at 1; R. 3-6. The Appeals Council denied the request on September 17, 2015. Doc. No. 19 at 2; R. 1-4. On November 13, 2016, Claimant filed this appeal. Doc. No. 1.

## II.  <u>STANDARD OF REVIEW</u>

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177, 1180 (11th Cir.1986) (the court also must consider evidence detracting from evidence on which the Commissioner relied). The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting

*Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## III.   <u>WEIGHING MEDICAL OPINIONS</u>

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of steps four and five of the ALJ's sequential evaluation process for determining disability. In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor.   *Id*. at 1178-79 (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" *Winschel*, 631 F.3d at 1179 (quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)).

Absent good cause, the opinion of a treating physician must be accorded substantial or considerable weight.   *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988).   However, there are a few situations in which good cause allows an ALJ to give a treating physician's opinion less that substantial weight.   Specifically,

> Good cause exists when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records."

*Johnson v. Barnhart*, 138 F. App'x. 266, 269 (11th Cir. 2005) (quoting *Phillips*, 357 F.3d at 1240-41).   Thus, good cause exists to give a treating physician's opinion less than substantial weight when the opinion is not bolstered by the evidence, evidence supports a contrary finding, or the

opinion is conclusory or inconsistent with the physician's medical records.

## IV.   <u>ANALYSIS</u>

At the heart of Claimant's appeal is the issue of the ALJ's consideration of an examining physician's opinions. On February 29, 2012, Dr. Shea evaluated Claimant for the first time. Doc. No. 19 at 5. After Dr. Shea's initial evaluation, Claimant visited Dr. Shea numerous times regarding her health issues. R. 5-9. On June 27, 2013, Dr. Shea completed a Total and Permanent Disability form (the "Disability Opinion"), noting that Claimant is "totally and permanently disabled but does not require a wheelchair for mobility." R. 538. Dr. Shea also completed a Physical Residual Functional Capacity Questionnaire (the "PRFC Opinion") which noted Claimant's diagnoses of neck pain, low back pain, and disc herniations. R. 539.   Dr. Shea indicated that Claimant would frequently experience pain severe enough to interfere with attention and concentration needed to perform simple work tasks. R. 540. Dr. Shea noted that Claimant could sit for fifteen to twenty minutes at one time, and could sit for two hours total in an eight-hour workday. *Id.* Finally, Dr. Shea opined that Claimant could occasionally lift ten pounds, could never crouch or squat, and would be absent for more than four days a month. R. 541-542.

Claimant argues that the ALJ failed to adequately weigh and consider the opinions of Dr. Shea. Doc. No. 19 at 11-19. Claimant contends that Dr. Shea's opinions should have been weighed because they contains opinions regarding Claimant's physical limitations. *Id.* at 16-17. Furthermore, Claimant contends that Dr. Shea's opinions were consistent with the record. Doc. No. 19 at 17-18. The Commissioner argues that the ALJ was correct in not weighing Dr. Shea's opinions because they addressed issues reserved to the Commissioner and were contradicted by evidence in the record. Doc. No. 19 at 19-23.

In determining Plaintiff's RFC, the ALJ summarized the Disability Opinion and the PRFC Opinion (collectively, the "Opinions"). R. 34. Thereafter, the ALJ, for all intents and purposes, treated the Opinions as a single opinion. R. 34-35. The ALJ stated that he did not give the Opinions "controlling weight because opinions on the issues of whether the Claimant is "disabled" or "unable to work" are reserved to the Commissioner…" R. 34. The ALJ offered a second reason for not giving the Opinions controlling weight, noting: "moreover, this opinion is inconsistent with Dr. Shea's own examination records, as well as the evidence as a whole (as set forth below)." R. 34.

The ALJ did not accord the Disability Opinion controlling weight because those issues are reserved to the commissioner. R. 34. The ALJ was correct in that ruling. The Eleventh Circuit has held a treating physician's opinion that a claimant is "fully disabled" is not a medical opinion. *Williams v. Acting Comm'r of Soc. Sec.,* 649 Fed. Appx. 1000, 1002 (11th Cir. 2016) (holding that a treating physician's opinion that a claimant was "fully disabled" was not a medical opinion, but rather a conclusory legal judgment on issues reserved to the Commissioner). However, the ALJ used the same rationale to dismiss the PRFC Opinion even though it contains Dr. Shea's findings regarding Claimant's functional capacity. R. 538 – 542. Therefore, the ALJ's first reason for giving the PRFC Opinion less than controlling weight is an error as a matter of law, the reason does not constitute good cause and it is not supported by substantial evidence.

The 11th Circuit in *Sharfarz v. Bowen* held:

> In assessing the medical evidence in this case, the ALJ was required to state with particularity the weight he gave the different medical opinions and the reasons therefor. […] Further, he was required to accord considerable weight to appellant's treating physician's opinion absent good cause for not doing so.

*Sharfarz v. Bowen*, 825 F.2d 278, 279-80 (11th Cir. 1987) (emphasis added). *See also, Winschel v. Comm'r of Soc. Sec.,* 631 F.3d 1176, 1179. The ALJ must state with particularity the weight given to each medical opinion. "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Winschel*, 631 F.3d at 1179 (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)). Here, the ALJ never stated with particularity what weight, if any, was given to Dr. Shea's PRFC Opinion other than it not being given "controlling weight." R. 34. Therefore, because the ALJ failed to specifically state the weight he according to the PRFC Opinion, reversal is required.

The ALJ also found Dr. Shea's opinions to be "inconsistent with [his] own examination records, as well as the evidence as a whole." *Id.* The ALJ provided a lengthy summary of Claimant's medical records, some of which contain findings supportive of Claimant's disability and some of which is contrary thereto. R. 34-35. The ALJ did not specify what particular records were inconsistent with Dr. Shea's opinions. Thus, while the ALJ did "set forth" evidence from the medical record, it is unclear which pieces of evidence the ALJ viewed as contradicting Dr. Shea's opinion. *See Rosario v. Comm'r of Soc. Sec.*, 877 F.Supp.2d 1254, 1267-68 (M.D. Fla. 2012) (finding that an ALJ's failure to explicitly state which pieces of evidence contradicted treating physicians' opinions was insufficient to overcome ALJ's reversible error of not indicating what weight he gave to those opinions). The ALJ either should have given the opinion controlling weight or presented good cause for not doing so. Here, the ALJ failed to articulate a good cause reason for giving the PRFC Opinion lesser weight. Because the ALJ committed reversible error by failing to specifically weigh the PRFC Opinion, rejected it on an improper legal basis (claiming that it

related to an issue reserved for the Commissioner), and then failed to sufficiently identify allegedly conflicting evidence in the medical record, the Commissioner's decision is hereby **REVERSED.**[1]

## V.      CONCLUSION

For the reasons stated above, it is **ORDERED** that:

1.      The final decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of Section 405(g);

2.      The Clerk is directed to enter judgment in favor of the Claimant and against the Commissioner; and

3.      The Clerk is directed to close the case.

**DONE and ORDERED** in Orlando, Florida on December 13, 2016.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

Shea A. Fugate
PO Box 940989
Maitland, FL 32794

John F. Rudy, III
Suite 3200
400 N Tampa St
Tampa, FL 33602

Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Susan Kelm Story, Branch Chief
Christopher G. Harris, Assistant Regional Counsel

---

[1] The above-referenced error is dispositive, and requires remand, and therefore there is no need to address any other alleged errors. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (per curiam) (no need to analyze other issues when case must be reversed due to other dispositive errors).

Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable Ken B. Terry
Administrative Law Judge
c/o Office of Disability Adjudication and Review
Desoto Building #400
8880 Freedom Crossing
Jacksonville, FL 32256-1224